UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMETRIUS WALKER,

            Plaintiff,

v.                                  Case No. 8:08-cv-991-T-24EAJ

FLORIDA DEPT. OF CORRECTIONS,
RUSSELL HUGH, Individually and
Officially, Florida D.O.C.,

            Defendants.

_____

**O R D E R**

      The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Plaintiff's claim is barred by the statute of limitations.

      Section 1915A(a) requires the district court to perform a screening review of any civil complaint filed by a prisoner against a government official. Such a complaint may be dismissed if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Dismissal of a prisoner's complaint as time-barred prior to service will also be

appropriate if it "appear[s] beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.' " *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir.2003) (citing *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1280 (11th Cir.2001)). *See Burt v. Martin*, 193 F.3d. Appx. 829, 830 (11th Cir. 2006).

The United States Supreme Court interprets the dictates of section 1988 as requiring in all section 1983 actions the application of the state limitations statute governing personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985); *Mullinax v. McElhenney,* 817 F.2d 711, 716 n.2 (11th Cir. 1987). Thus, under *Wilson*, the proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in Fla. Stat. § 95.11(3).

A cause of action accrues for purposes of determining when the statute of limitations period began to run when the Plaintiff knew or should have known of his injury and its cause. *Bowling v. Founders Title Co.*, 773 F.2d 1175, 1178 (11th Cir.1985); *Free v. Granger*, 887 F.2d 1552, 1555-56 (11th Cir.1989). Walker alleges that the violation of his Eighth Amendment right to be free from cruel and unusual punishment occurred March 30, 2003, when Officer Hugh willfully and knowingly struck Walker and failed to report the use of force contrary to Chapter 944.35(4)(a), Florida Statutes. Walker's cause of action accrued on March 30, 2003. However, Walker did not sign the complaint in the instant action until March 28, 2008, almost five years later. Accordingly, Walker's complaint is barred by the four-year statute of limitations.

Although Walker claims that he filed a 42 U.S.C. § 1983 civil rights complaint in March 2007, the Court has no record of that complaint, and Plaintiff has not provided a

copy of the complaint to substantiate his allegation that he filed the March 2007 complaint. (See Plaintiff's Exhibit D).

Accordingly, the Court orders:

That Plaintiff's complaint is dismissed. The Clerk is directed to enter judgment against Plaintiff Walker, to terminate all pending motions, and to close this case.

ORDERED at Tampa, Florida, on May 27, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Demetrius Walker